UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-541-MOC
(3:13-cr-102-MOC-1)

| | |
|---|---|
| MAURICE ROSEBURE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Maurice Rosebure's pro se Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (Doc. No. 1). Also before the Court is the Government's Response in Opposition to the Motion to Vacate. (Doc. No. 3.)

**I. BACKGROUND**

Rosebure was indicted on April 16, 2013, and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Indict., Doc. No. 1.[1] On July 17, 2013, Rosebure entered a straight-up plea of guilty. Entry and Acceptance of Guilty Plea, Doc. No. 15.

In Rosebure's presentence report ("PSR"), the probation officer calculated a base offense level of 24 under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a)(2), noting that at the time Rosebure committed the felon-in-possession offense, he had at least two prior convictions for a crime of violence or a controlled-substance offense. PSR ¶ 14, Doc. 24. The probation officer noted specifically that Rosebure had been convicted of pointing and presenting a firearm under South Carolina law in 2007, trafficking of MDA/MDMA[2] under North Carolina law, also in 2007,

---

[1] Unless otherwise indicated, all document and docket references are from the underlying criminal action, <u>United States v. Rosebure</u>, 3:13-cr-102-MOC-1 (W.D.N.C.).

[2] MDA and MDMA are recognized forms of Ecstacy. <u>See</u> <u>United States v. Penta</u>, 173 F. Supp. 2d 499, 502 (E.D. Va. 2001).

1

and possession with intent to sell/deliver a controlled substance, also under North Carolina law, in 2012. PSR ¶¶ 24, 30, 32, 35. The probation officer calculated a total offense level of 23 and a criminal-history category of VI, resulting in an advisory Sentencing Guidelines range of between 92 and 115 months in prison. PSR ¶ 65. Rosebure did not object to these calculations, and the Court adopted the PSR, sentencing Rosebure to a within-Guidelines term of 104 months in prison. Judgement, Doc. No. 29; Stmnt of Reasons, Doc. No. 30.

Rosebure did not file a direct appeal. On July 4, 2016, he placed the instant Motion to Vacate in the prison mail system. (Mot. to Vacate 14, Civ. Case No. 3:16-cv-505-MOC, Doc. No. 1.) He asserts that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). The Government filed a Response, arguing that Rosebure's Johnson claim is procedurally defaulted because he failed to raise the substance of the claim at sentencing or in a direct appeal. The Government also contends that Rosebure cannot state a claim under Johnson. (Resp., 3:16-cv-505-MOC, Doc. No. 3.)

On November 18, 2016, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Rosebure of his right to reply to the Government's Response and providing him 14 days from receipt of the Court's Order to do so. (3:16-cv-505-MOC, Doc. No. 4.) The Court also notified Rosebure that failure to reply could result in dismissal of his § 2255 Motion to Vacate without further notice. As of the filing of this Order, Rosebure has not filed a reply to the Government's Response, and the Court finds that he has had ample time to do so.

II. **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims

set forth therein. After examining the record in this matter, the Court finds that the arguments presented can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

The Court agrees that Rosebure's Motion to Vacate fails to state a claim for relief under Johnson. For the sake of judicial economy, the Court, therefore, will not also address the procedural default defense raised by the Government.

In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Id. § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause, which the Johnson Court held is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." Id. at 2563. Thus, a defendant who was sentenced under the ACCA to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence. The holding in Johnson is retroactive on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

3

Although Rosebure was convicted of being a felon in possession of a firearm, in violation of § 922(g), his sentence was not enhanced under the ACCA. Rosebure contends, however, that the holding in Johnson extends to the United States Sentencing Guidelines. He notes that the definition of "crime of violence" under § 2K2.1 includes a residual clause with the same scope as the residual clause of the violent-felony definition held unconstitutionally vague in Johnson. Rosebure asserts that his prior conviction for pointing and presenting a firearm no longer qualifies as a "crime of violence" for purposes of Sentencing Guidelines § 2K2.1(a)(2) because it satisfies the definition only under the residual clause. Rosebure argues that, in light of Johnson, his advisory Guidelines range of imprisonment was miscalculated.

Rosebure's argument fails for at least two reasons. First, the Supreme Court recently held that the provisions of the United States Sentencing Guidelines are advisory and, therefore, not subject to void-for-vagueness challenges under the due process clause of the Fifth Amendment. Beckles v. United States, 137 S. Ct. 886, 894 (2017). Accordingly, Johnson, does not apply to Rosebure's sentence, which was imposed under the advisory guidelines.

Second, at the time Rosebure committed his felon-in-possession offense, U.S.S.G. § 2K2.1(a)(2) provided for a base offense level of 24 if the defendant committed the offense after "sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2) (2012). A "controlled substance offense" was defined by reference to the career-offender guideline to include "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." Id. § 2K2.1 cmt. n.1; id. § 4B1.2(b) (2012). Rosebure had at least two prior convictions for controlled-substance offenses, which he does not deny. Thus, even if pointing and presenting a firearm under South Carolina law no longer qualifies as a

4

predicate crime of violence under the ACCA in light of Johnson, Rosebure's base offense level was properly calculated under § 2K2.1(a)(2) because of his prior convictions for "controlled-substance offenses."

## IV. CONCLUSION

Petitioner is not entitled to relief under Johnson. Consequently, his Motion to Vacate shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DENIED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: May 8, 2017

Max O. Cogburn Jr
United States District Judge